### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHANE JOSIAH KIRK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-164-J |
| | ) | |
| STATE OF OKLAHOMA and | ) | |
| JASON HICKS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

### <u>ORDER</u>

Petitioner, Shane Josiah Kirk, a pretrial detainee appearing pro se, filed a Petition pursuant to 28 U.S.C. § 2254 seeking relief from his ongoing state criminal proceedings (Pet.) [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 626(b)(1)(B), (C). Judge Erwin screened the Petition, found it should be characterized as arising under 28 U.S.C. § 2241, and issued a Report and Recommendation recommending that it be dismissed under *Younger v. Harris*, 401 U.S. 37 (1971) (Rep. & Rec.) [Doc. No. 6].[1] Petitioner has objected (Petr.'s Obj.) [Doc. No. 7], triggering de novo review.

Relevant here, Petitioner has been charged with two counts of first-degree murder in Stephens County District Court and is awaiting trial. Petitioner believes the deaths were justified, as the decedents were poisoning him, and numerous police departments did nothing to investigate or intervene. In his Petition, Petitioner alleges (1) he was wrongfully charged with first-degree

---

[1] Judge Erwin recommended two alternative grounds for dismissal, prematurity under *Younger* and failure to exhaust state court remedies. *See* Rep. & Rec. at 4-9. As the Court ultimately agrees with Judge Erwin as to *Younger's* applicability, it does not address the exhaustion issue.

murder because the prosecutor knew that police had failed to intervene; (2) a "systems failure" with numerous police departments led to the events in question; (3) his attorneys have been ineffective; and (4) judicial bias.  *See* Pet. at 5-10.

In *Younger*, the Supreme Court held that federal courts should not intervene in state criminal prosecutions begun before institution of a federal suit when the state court proceedings are ongoing, offer an adequate forum for a petitioner's federal claims, and implicate important state interests.  *See id.* 401 U.S. at 43; *see also Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).  Moreover, the *Younger* abstention doctrine discourages federal courts from addressing any claim which could disrupt state proceedings, regardless of whether the claim specifically targets a particular proceeding.  *See Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) ("*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." (citations omitted)).  To justify an exception, a petitioner must overcome a "heavy burden" and show either "bad faith," "harassment," or "irreparable injury." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1165 (10th Cir. 1999).

Applying *Younger*, Judge Erwin recommended that the Court abstain from hearing Petitioner's allegations regarding his ongoing state criminal proceedings and the related "systems failure."  Rep. & Rec. at 4-8.  In doing so, he addressed the *Younger* exceptions and found none apply.  *See id.*

In his Objection, Petitioner does not disagree that the state case is ongoing, he has an adequate remedy to raise his claims in state court, or that criminal proceedings are a traditional area of state concern.  *See* Petr.'s Obj., *passim.*  Instead, Petitioner argues that an exception applies because the prosecution is taken in bad faith and constitutes harassment.  First, Petitioner claims

that because the police did not do their duty to investigate or intervene, the prosecutor acted in bad faith bringing first-degree murder, rather than manslaughter, charges. *See* Petr.'s Obj. at 9. But Judge Erwin addressed this issue and concluded that it did not constitute bad faith because Petitioner had not established the prosecution was (1) frivolous or undertaken with no reasonably objective hope of success; (2) motivated by Petitioner's suspect class or in retaliation for Petitioner exercising his constitutional rights; or (3) an unjustified and oppressive use of multiple prosecutions. *See* Rep. & Rec. at 6 (citing *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997)). Having reviewed the case law and Petitioner's arguments in their entity, the Court agrees with Judge Erwin's finding.

Petitioner also alleges bad faith and harassment due to vast criminal corruption throughout Oklahoma, including Stephens County. *See* Pet.'s Obj. at 3-6. But the Court finds this general argument is insufficient to satisfy Petitioner's heavy burden of establishing a *Younger* exception. *See Harper v. Woodward Cty. Bd. of Cty. Comm'rs*, No. CIV-11-996-HE, 2012 WL 4482839, at *3 (W.D. Okla. June 25, 2012) (finding plaintiff's conclusory claims of "bad faith" or "harassment" are insufficient to overcome the heavy burden required for an exception to *Younger* abstention), *adopted as modified*, 2012 WL 4470651 (W.D. Okla. Sept. 27, 2012).

Finally, the Court notes that Petitioner appears to raise, for the first time, a claim that Oklahoma lacks jurisdiction over his criminal case under *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). *See* Petr.'s Obj. at 4-6 (referencing an unnamed Supreme Court decision and arguing "My alleged crime occurred on Native American land and under those treaties I am subject to [f]ederal [j]urisdiction only."). However, the Court will not consider arguments or evidence presented for the first time in an objection to a Report and Recommendation. *See United States v. Garfinkle*,

261 F.3d 1030, 1031 (10th Cir. 2001) ("theories raised for the first time in objections to the magistrate judge's report are deemed waived").

In sum, and having carefully reviewed the Petition, Report and Recommendation, and Petitioner's Objection de novo, the Court agrees with Judge Erwin's thorough and well-reasoned analysis. Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 6] and DISMISSES Petitioner's Petition [Doc. No. 1]. Petitioner's pending motions to file a supplemental brief [Doc. Nos. 8-9] are GRANTED. The Court considered the additional briefing and finds it lacks any bearing on the ruling herein. Finally, a certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A separate judgment will follow.

IT IS SO ORDERED this 8th day of April, 2021.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE